**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMIE SOSA NEGRON and JUAN C.
CORTEZ ECHEVARRIA, JR.,

    Plaintiffs,

v.   Case No:   6:24-cv-1054-LHP

CUMMINS-ALLISON CORP.,

    Defendant

---

**ORDER**

This cause comes before the Court on the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice.   Doc. No. 58.   Upon review, the motion (Doc. No. 58) is **DENIED without prejudice**.   First, the settlement agreements attached to the motion (Doc. Nos. 58-1, 58-2, 58-3) are unexecuted.   "The Court cannot approve an agreement that has not been executed by the parties."   *Galasso v. Sascosports, Inc.*, No. 6:16-cv-2035-Orl-41KRS, 2017 WL 11025760, at *1 (M.D. Fla. June 23, 2017).

Second, the motion does not provide the Court with all of the information needed to determine whether the settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims.   Specifically, it is unclear whether and to what extent

Plaintiffs[1] are compromising their FLSA claims, as although the parties provide the amount that Plaintiffs will receive in settlement, the parties do not address the amount that Plaintiffs claimed to be owed under the FLSA.  Doc. No. 58.

Finally, to the extent that the parties reference separate Confidential Settlement Agreement and General Releases, which have not been disclosed to the Court, the parties do not address that separate agreement with any detail, to include the amount of separate consideration and any additional attorney's fees to be paid. Doc. No. 58, at 4–6.  While *Lynn's Food* only requires "compromises of FLSA back wage or liquidated damages claims" to be presented to the District Court for a determination of whether the proposed settlement is fair and reasonable, and the Court need not review the parties' settlement of Plaintiff's other claims "provided its terms do not serve to contaminate the Agreement as to the FLSA claim," *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012), the parties have provided insufficient information for the Court to make that determination here.  Accordingly, the Court will require additional

---

[1] This includes the claims of Neftali Molina Millet, who will be added as a Plaintiff by amended complaint.  *See* Doc. Nos. 57, 59.  While the other two Plaintiffs have filed answers to Court Interrogatories, Doc. Nos. 40–41, no such similar information is available for Millet.

explanation from the parties in a renewed motion, or in the alternative, the filing of the separate agreements under seal.

Accordingly, it is **ORDERED** as follows:

1. The Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice (Doc. No. 58) is **DENIED without prejudice**.

2. The parties shall file a renewed motion within **fourteen (14) days** of this Order, which must address the issues outlined herein, including attaching fully executed versions of the FLSA settlement agreements.   If the parties deem it necessary and appropriate, the parties may also separately file in support of the renewed motion, under seal, copies of the fully executed Confidential Settlement Agreement and General Releases.

**DONE** and **ORDERED** in Orlando, Florida on February 26, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -