**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMIE SOSA NEGRON, JUAN C.
CORTEZ ECHEVARRIA, JR. and
NEFTALI MOLINA,

        Plaintiffs,

v.                                             Case No:   6:24-cv-1054-LHP

CUMMINS-ALLISON CORP.,

        Defendant

---

## ORDER[1]

Plaintiffs Jamie Sosa Negron and Juan C. Cortez Echevarria, Jr. instituted this action against Defendant Cummins-Allison Corp. on June 7, 2024, alleging one claim for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Doc. No. 1. One additional Plaintiff, Neftali Molina Millet,[2] was

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to the IDEAL Program. *See* Doc. Nos. 12, 22–24.

[2] The amended complaint names the third plaintiff as Neftali Molina, however the parties list this plaintiff's full name as Neftali Molina Millet in their renewed motion for settlement approval and attached settlement agreement. *See* Doc. No. 61; Doc. No. 68; Doc. No. 68-3. Because the parties do not raise this issue and appear to agree that plaintiff's correct name is what is utilized in the settlement filings, the Court does not find this discrepancy to be fatal to the present motion or to approval of any settlements and/or

added by amended complaint. Doc. No. 61. The parties reached a settlement in this matter. Doc. No. 55. Now before the Court is the parties' Renewed Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice, in which the parties request that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 68.[3] The parties submit with the motion copies of a Fair Labor Standards Act Settlement Agreement for each named Plaintiff. Doc. Nos. 68-1, 68-2, 68-3. The parties also separately submit under seal, as authorized by the Court, a Confidential Settlement and General Release executed by each named Plaintiff for additional, separate consideration. *See* Doc. No. 69 (sealed); *see also* Doc. Nos. 60, 67.

Because the parties have reached a settlement that involves a compromise of Plaintiffs' FLSA claims, it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores*, 679 F.2d 1350. Having reviewed the same, the Court finds that the proposed settlement of the FLSA claims is a reasonable compromise of a bona fide dispute between parties, in light of the settlement amounts and consideration exchanged. *See* Doc. No. 68, at 3–7; Doc.

---

resolution of this case in its entirety.

[3] The Court denied without prejudice a prior version of this motion, with the present motion rectifying the identified deficiencies. *See* Doc. Nos. 58, 60.

Nos. 68-1, 68-2, 68-3.  The Court notes that by separate agreement, Plaintiffs will each receive $500.00 in additional consideration for non-cash concessions, such as a general release and non-disparagement provisions, an amount which was negotiated separate and apart from the settlement of Plaintiffs' FLSA claims.  Doc. No. 68, at 2; *see* Doc. No. 69 (sealed).   Based on the parties' representations, it does not appear that the separate agreements have contaminated the fairness of the settlement of Plaintiffs' FLSA claims, and thus, there is no impediment to approval of the FLSA agreements.  *See, e.g.*, *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).  The Court further finds that the amount of agreed-upon fees and costs to be paid to Plaintiffs' counsel was determined independently, did not affect the payment to Plaintiffs, and otherwise appears to be reasonable.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Accordingly, the Renewed Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice (Doc. No. 68) is **GRANTED**, and the parties' FLSA settlement agreements (Doc. Nos. 68-1, 68-2, 68-3) are **APPROVED**.  This case is **DISMISSED with prejudice**, and the Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on April 25, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties